IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMERSON ERNESTO ROMERO MENA, A#223012832, | § § § | |
| Petitioner, | § § | |
| v. | § § § | CIVIL ACTION NO. H-25-4110 |
| WARDEN MARTIN FRINK, Houston Contract Detention Facility, | § § § § | |
| Respondent. | § | |

### EXPEDITED ORDER TO ANSWER

The petitioner, Emerson Ernesto Romero Mena (A#223012832), is currently in custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Houston Contract Detention Facility in Houston, Texas. Mena is represented by counsel and has filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 6). The Petition states that the petitioner is a native and citizen of El Salvador; that on June 6, 2025, the petitioner was detained by ICE officials pursuant to an immigration warrant for his arrest; that the petitioner was served with a notice to appear and was placed in removal proceedings; that on July 8, 2025, an immigration judge ordered the petitioner's release on $5,000 bond; that on July 8, 2025, a family member of the petitioner attempted to pay the $5,000 bond to secure the petitioner's release from

custody, but that on July 9, 2025, ICE denied the bond payment request; that on July 10, 2025, the petitioner's family member inquired as to why the bond payment was rejected by ICE and was told that the payment was rejected due to a new ICE policy in which "any person that entered the country illegally will not be released from custody regardless o[f] whether or not they were granted a bond." The petitioner seeks release from custody, among other things.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[1] requires the court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. Having conducted the required examination, and pursuant to 28 U.S.C. § 2241, et seq., the court **ORDERS** as follows:

1. The Clerk shall deliver copies of the Petition (Docket Entry No. 6) and this Order to the United States Attorney for the Southern District of Texas, Nicholas J. Ganjei, by <u>certified mail return receipt requested</u> to the Civil Process Clerk, United States Attorney's Office, 1000 Louisiana St., Suite 2300, Houston, TX 77002, and by electronic mail to USATXS.CivilNotice@usdoj.gov.

---

[1] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. <u>See</u> Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

2. The Clerk shall also serve copies of the Petition (Docket Entry No. 6) and this Order by certified mail upon: (1) the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530-0001; and (2) Warden Martin Frink, Houston Contract Detention Facility, 15850 Export Plaza Drive, Houston, Texas, 77032.

3. The respondent shall file an answer or other appropriate responsive pleading within **twenty (20) days** of the date of service.[2] Any dispositive motion that presents matters outside the pleadings may be treated as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

4. In addition to any defense (in law or fact) to a claim for relief by the petitioner, the respondent's answer shall contain: (a) a statement of the authority by which the petitioner is held and, if held under the judgment of a court or administrative tribunal, the name of such court or tribunal and the number and style of the case(s) in which those judgments were entered; and (b) a statement as to whether the petitioner has exhausted all available administrative remedies.

---

[2] The court is aware that Rule 12(a)(2) of the Federal Rules of Civil Procedure generally allows the United States 60 days to answer a complaint. However, application of the Federal Rules of Civil Procedure are not mandatory in habeas proceedings. See Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts. The petitioner alleges that he is being held illegally after being granted release on bond from an immigration judge. The court determines that a shorter response time is appropriate in this instance so that the petitioner, if he ultimately prevails, is able to receive meaningful relief.

5. The petitioner shall file a response within **ten (10) days** to any answer or dispositive motion filed by the respondent. Under this court's Local Rule 7.4, any failure to respond to a motion filed by the respondent "will be taken as a representation of no opposition." S.D. Tex. R. 7.4. <u>Failure of the petitioner to respond to the respondent's motion within the time allowed may result in dismissal of this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure</u>.

6. In addition to Warden Frink, the petitioner originally listed the following additional respondents: Kristi Noem, Secretary of the Department of Homeland Security; Todd M. Lyons, Acting Director ICE; Kenneth Genaldo, Acting Executive Associate Director of Enforcement and Removal Operations; and Bret Bradford, the Houston Field Office Director for Enforcement and Removal Operations. The court questions whether any of the respondents other than Warden Frink are properly included in this petition. See <u>Rumsfeld v. Padilla</u>, 124 S. Ct. 2711, 2720 (2004) ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."); <u>see also</u> 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). The court does not order a response from the respondents other than Warden Frink at this time.

7. The respondents must notify the petitioner's counsel and the court of any anticipated or planned transfer of the petitioner outside of the Southern District of Texas **at least five (5) days before** any such transfer.

The Clerk shall provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this 18th day of September, 2025.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE